IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Action No.: 21-cr-00229-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAVITA INC.,

2. KENT THIRY,

    Defendants.

---

### UNITED STATES' MOTION FOR ALTERNATIVE
### CRIME VICTIM NOTIFICATION UNDER 18 U.S.C. § 3771

    The United States of America hereby respectfully moves this Court, pursuant to 18 U.S.C. § 3771(d)(2), for authorization to use alternative victim notification procedures—namely, publication on Department of Justice websites— in lieu of those procedures prescribed by sections 3771(a), (b) and (c), because the large number of potential crime victims in this case makes it impracticable to notify them on an individualized basis.  The United States has conferred with counsel for the defendants, who have indicated the defendants take no position on this motion.

    The Crime Victims' Rights Act ("CVRA"), codified at 18 U.S.C. § 3771, provides crime victims with certain rights, including the right to "reasonable, accurate, and timely notice" of public court proceedings.  18 U.S.C. § 3771(a)(2).  The CVRA defines a crime victim as "a person directly and proximately harmed as a result of the commission

of a Federal offense . . ."   18 U.S.C. § 3771(e)(2)(A).   Importantly, the CVRA recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings.   Thus, 18 U.S.C. § 3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

18 U.S.C. § 3771(d)(2).   The CVRA does not specify the alternative procedures a Court may fashion other than that they be reasonable to effectuate the CVRA and that they not unduly complicate or prolong the proceedings.   *Id*.

The Indictment in this case alleges that DaVita Inc. ("DaVita") and Kent Thiry entered into conspiracies with other companies from at least as early as February 2012 and continuing through at least as late as July 2017, and at least as early as April 2017 through at least as late as June 2019.   (Dkt. 1.)   The potential victims in this case include certain employees of DaVita or its co-conspirators during this more than seven-year period.   The United States thus estimates that there are hundreds of potential victims of the charged conspiracies, and potential victims may have moved or changed addresses.

This number of potential victims makes compliance with the individual notification requirements outlined in 18 U.S.C. § 3771(a), (b), and (c) impracticable and likely beyond the resources available to the United States.   Instead, due to the large number of potential victims in this case, the United States proposes that it post a notice, accessible to news media press feeds, to the Department of Justice's website for large

cases (http://www.justice.gov/largecases). In addition to summarizing the case and charge, the information on this page will direct actual and potential victims to the previously referenced Antitrust Division webpage, where such individuals can access information referenced above concerning victims' rights, upcoming public court proceedings and parole proceedings, and the contact information for the Office of the Victims' Rights Ombudsman of the Department of Justice.

Federal courts around the country have approved similar notices in cases involving numerous victims. *See, e.g.*, Order Establishing Procedure for Crime Victim Notification Pursuant to 18 U.S.C. § 3771, *United States v. Sandoz Inc.*, 2:20-cr-111-RBS (E.D. Pa. Mar. 4, 2020), ECF No. 4; Order Establishing Procedure for Crime Victim Notification Pursuant to 18 U.S.C. § 3771, *United States v. Dip Shipping Co., LLC*, 1:19-cr-20587-DPG (S.D. Fla Oct. 1, 2019), ECF No. 5; Order Establishing Procedure for Crime Victim Notification Under 18 U.S.C. § 3771, *United States v. Netbrands Media Corp.*, 4:19-cr-065 (S.D. Tex. Feb. 4, 2019), ECF No. 17. A similar motion was granted in *United States v. Surgical Care Affiliates, LLC, et al.* (N.D. Tex.), a case filed by the Antitrust Division against Surgical Care Affiliates, LLC and SCAI Holdings, LLC. *See* Order Granting Alternative Victim Notification Under 18 U.S.C. § 3771, *United States v. Surgical Care Affiliates, LLC, et al.*, 3:21-cr-00011 (N.D. Tex. Feb. 3, 2021) (Dkt. 23).

## CONCLUSION

Based on the foregoing, the United States requests that the Court grant this motion for alternative victim notification procedures.

By: /s/ Anthony W. Mariano
Anthony W. Mariano
William J. Vigen
Megan S. Lewis
Trial Attorneys
U.S. Department of Justice, Antitrust Division
Washington Criminal II Section
Tel: 202-598-2737 / 202-353-2411 / 202-598-8145
Fax: 202-514-9082
Email: anthony.mariano@usdoj.gov
Email: william.vigen@usdoj.gov
Email: megan.lewis@usdoj.gov

Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2021, I electronically filed the **GOVERNMENT'S MOTION FOR ALTERNATIVE CRIME VICTIM NOTIFICATION UNDER 18 U.S.C. § 3771** with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record in the above-captioned matter.

/s/ Anthony W. Mariano
ANTHONY W. MARIANO
Trial Attorney
U.S. Department of Justice, Antitrust Division
450 5th Street, N.W.
Washington, D.C. 20530
Tel: 202-598-2737
Anthony.Mariano@usdoj.gov