**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 21-cr-00229-RBJ

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. DAVITA INC.,
2. KENT THIRY,

      Defendants.

## UNITED STATES' NOTICE OF ADDITIONAL AUTHORITY

The United States files this notice to bring to the Court's attention an additional, recently decided authority in support of its opposition (Dkt. No. 67) to Defendants' motion to dismiss (Dkt. No. 49). In *In re: Geisinger Health and Evangelical Community Hospital Healthcare Workers Antitrust Litigation*, No. 4:21-CV-00196, 2021 WL 5330783 (M.D. Penn. Nov. 16, 2021)—attached to this Notice as Exhibit A—the district court denied a motion to dismiss a *per se* Section 1 Sherman Act claim that alleged that defendant hospitals "agreed to not poach each other's physicians, nurses, psychologists, therapists, and other healthcare professionals in Central Pennsylvania," and that the hospitals' "senior executives periodically reaffirmed, monitored, and policed this no-poach agreement." *Id.* at *2. "For example, after learning that Geisinger had been recruiting Evangelical's nurses, Evangelical's CEO emailed Geisinger to 'please ask that this stop,'" and the "Geisinger executive then forwarded this email to Geisinger's Vice President of Talent Acquisition, instructing her to 'ask your staff to stop this activity with Evangelical.'" *Id.*

      The district court concluded that the plaintiffs had plausibly alleged a no-poaching

conspiracy under Section 1 of the Sherman Act. *Id.* at **4-5. As the court explained: "At the very least, Evangelical's email asking that Geisinger stop recruiting its nurses and Geisinger's subsequent instructions that recruiting staff 'stop this activity with Evangelical' permit an inference of a no-poaching agreement. Indeed, district courts have found that similar communications support Sherman Act § 1 conspiracy claims." *Id.* at *5 (citing, *e.g.*, *United States v. eBay, Inc.*, 968 F. Supp. 2d 1030, 1036 (N.D. Cal. 2013)). The court also concluded that the plaintiffs, skilled healthcare professionals who worked for one of the two defendants, had Article III standing, rejecting the defense argument that their failure to plausibly allege market power precluded them from claiming lower wages as an injury. The court reasoned that "'no market analysis is required at this time' because Plaintiffs allege a per se violation of the Sherman Act." *Id.* at *3 (citing *In re High-Tech Emp. Antitrust Litig.*, 856 F. Supp. 2d 1103, 1122 (N.D. Cal. 2012)).

DATED: November 18, 2021                    Respectfully submitted,

*s/ William J. Vigen*
William J. Vigen, Trial Attorney
James J. Fredricks, Chief
Megan S. Lewis, Assistant Chief
Anthony W. Mariano, Trial Attorney
Sara M. Clingan, Trial Attorney
U.S. Department of Justice, Antitrust Division
Washington Criminal II Section
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: 202-353-2411 / 202-307-1403 / 202-598-8145 /
202-598-2737 / 202-480-1951
FAX: 202-514-9082
E-mail: william.vigen@usdoj.gov /
james.fredricks@usdoj.gov / megan.lewis@usdoj.gov /
anthony.mariano@usdoj.gov /
sara.clingan2@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on November 18, 2021, I filed this document with the Clerk of the Court using CM/ECF, which will serve this document on all counsel of record.

*s/ Anthony W. Mariano*
Anthony W. Mariano
