**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Action No. 21-cr-00229-RBJ

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. DAVITA INC.,
2. KENT THIRY,

     Defendants.

---

**UNITED STATES' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR A**
**SUBSTANTIVE PRELIMINARY JURY INSTRUCTION**

---

The United States opposes Defendants' Joint Motion for a Substantive Preliminary Jury Instruction (ECF No. 109). Defendants have not proposed any language for the jury instruction that they ask the Court to provide. In the absence of a concrete proposal, the Court should deny the motion and revisit the issue once the parties submit their proposed jury instructions. If the Court is inclined to grant the instruction now, the United States requests that any substantive preliminary instruction include only the elements of the offense.

**BACKGROUND**

The Superseding Indictment charges Defendants with three counts of violating Section 1 of the Sherman Act, 15 U.S.C. § 1, for their participation in three separate conspiracies to allocate employees.

On December 17, 2021, Defendants filed a motion in limine seeking a "substantive preliminary jury instruction." Mot. at 1. Defendants did not include any proposed language for their requested instruction. Instead, Defendants merely stated that their "proposed language for a preliminary instruction will appear in the proposed jury instructions defendants intend to file on

1

February 7, 2022." Mot. at 5. The Court's scheduling order directs the parties to submit proposed jury instructions on February 7, 2022. ECF No. 39 at 2.

## ARGUMENT

Defendants' request for a substantive preliminary jury instruction is premature and vague—neither the United States nor the Court can meaningfully assess Defendants' request without knowing what instruction Defendants are seeking. Defendants have not proposed any language for the jury instruction they request, but instead, refer ambiguously to a "jury instruction on the legal elements the government must prove beyond a reasonable doubt and the type of conduct that is or is not lawful." Mot. at 4. In the absence of any specific proposed instruction, the Court should deny Defendants' motion as premature and unsupported.

The United States is mindful of the Court's practice standards indicating a willingness to pre-instruct the jury before opening statements—but notably, "[t]his can only be done, however, if we have worked out the instructions in advance." The United States is willing to confer with Defendants on the substance of any proposed preliminary instruction, but at this juncture, Defendants have not proposed one. If the Court is inclined to take up the issue now and to include a substantive instruction in its preliminary instructions, it should limit that instruction to the elements of the Sherman Act offense. That is the approach adopted by the Tenth Circuit's pattern instructions, and there is no reason to deviate here. *See* Tenth Circuit Pattern Jury Instruction No. 1.01 (2021 ed.) (updated Apr. 2, 2021) (contemplating discussion only "of the elements of the offense . . . if they are to be set out."). To convict on a Sherman Act charge, the jury needs only to find three elements beyond a reasonable doubt: the conspiracy alleged in the indictment existed, Defendants knowingly joined it, and the conspiracy affected, or occurred in the flow of, interstate or foreign commerce. *See* 15 U.S.C. § 1; *see United States v. Suntar*

2

*Roofing, Inc.*, 897 F.2d 469, 474 (10th Cir. 1990) (discussing the conspiracy element of a market allocation offense).  The United States would not object to the Court giving a substantive preliminary instruction limited to those three elements; the United States intends to submit specific proposed language to the Court by the deadline of February 7, 2022.

Defendants offer no support for their suggestion that a preliminary instruction should include a distinction between the "type of conduct that is or is not lawful," Mot. at 4, and this request appears to be an attempt to relitigate arguments that they raised in their motion to dismiss.  To the extent that their request is aimed at presenting their defense theories, there is no basis for including those in a preliminary jury instruction.  Instructions on defense theories are contingent upon there being "evidence before the jury to reasonably support such theory," *Beck v. United States*, 305 F.2d 595, 599 (10th Cir. 1962), which, of course, will not be the case during preliminary instructions.  The point of a preliminary instruction, if given, should be to tell the jury the elements that the United States must prove beyond a reasonable doubt; the point is not to preview defense theories.

The approach taken in *United States v. Penn*, which Defendants highlight in their motion, comports with the United States' proposal that, if an instruction is given, the Court should instruct the jury only on the elements of the offense.  *See* Order at 2–3, *United States v. Penn*, No. 1:20-cr-00152 (D. Colo. Oct. 7, 2021), ECF No. 603.  In both cases, the United States charged violations of Section 1 of the Sherman Act.  The *Penn* defendants, like Defendants here, requested a substantive preliminary instruction that went beyond listing the elements that the United States must prove—for example, the *Penn* defendants asked the Court to discuss the difference between price exchanges and price fixing.  *Id.*  Though the *Penn* Court agreed to give a substantive preliminary instruction, it refused the defendants' request to go beyond simply

listing the elements of the Sherman Act offense.  *Id.* at 3.  If the Court decides to give a substantive preliminary instruction here, the United States respectfully suggests that it follow the approach taken by the *Penn* Court and instruct the jury on only the elements of the offense.

## CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied.

DATED: January 14, 2022

Respectfully submitted,

*/s/ Terence A. Parker*
Terence A. Parker, Trial Attorney
Megan S. Lewis, Assistant Chief
Sara M. Clingan, Trial Attorney
Anthony W. Mariano, Trial Attorney
William J. Vigen, Trial Attorney
U.S. Department of Justice, Antitrust Division
Washington Criminal II Section
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: 202-705-6156 / 202-598-8145 / 202-598-2737 /
202-480-1951 / 202-353-2411
FAX: 202-514-9082
E-mail: terence.parker2@usdoj.gov /
megan.lewis@usdoj.gov / sara.clingan2@usdoj.gov /
anthony.mariano@usdoj.gov /
william.vigen@usdoj.gov

**CERTIFICATE OF SERVICE**

On January 14, 2022, I filed this document with the Clerk of the Court using CM/ECF, which will serve this document on all counsel of record.

*/s/ Terence A. Parker*
Terence A. Parker
Trial Attorney
U.S. Department of Justice
Antitrust Division
Washington Criminal II Section
450 5th Street, N.W.
Washington, D.C. 20530
Tel: 202-705-6156
Fax: 202-514-9082
terence.parker2@usdoj.gov
NY Bar No. 5775192

5