IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-00229-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAVITA INC.,
2. KENT THIRY,

    Defendants.

## UNITED STATES' SUPPLEMENTAL MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ATTORNEY PROFFERS

The United States submits the following supplemental motion *in limine* to exclude evidence of attorney proffers. As part of a broad approach to discovery in this case, the United States has provided Defendants information conveyed by attorneys representing various companies and individuals, primarily taken from paralegal or attorney memoranda to file of meetings or telephone calls with counsel ("attorney proffers"). The United States moves *in limine* for an order precluding Defendants from introducing summaries of attorney proffers as evidence, publishing or quoting the contents of summaries of attorney proffers to the jury, improperly introducing summaries of attorney proffers to impeach witnesses during cross examination, or otherwise suggesting to the jury that summaries of attorney proffers are statements of the witnesses, who did not write, ratify, or adopt them. Summaries of attorney proffers are impermissible hearsay under Rule 802 and no exception or exclusion exists to justify their admission, and Defendants should be precluded from offering these materials into evidence. Further, because these reports are not the statements of the witness, Defendants should not be allowed to impeach witnesses with these materials at trial.

1

**BACKGROUND**

As part of a broad approach to discovery in this case, the United States has provided Defendants summaries of information proffered or provided by attorneys representing companies and individuals in the course of the United States' investigation, primarily taken from paralegal or attorney memoranda to file of meetings or phone calls with counsel. None of these summaries of attorney proffers are witness statements, because they are not substantially verbatim recordings of witness statements, and they have not been adopted by the witnesses. Rather, they primarily reflect the United States' memorialization of conversations with counsel, including summaries of what *counsel* anticipates a witness might say in a potential interview. Because witnesses were not present for their counsel's proffers to the United States, and have not been shown these summaries, witnesses have not adopted these statements as their own. And even where the United States' discovery letters memorialize written communications from counsel, there is no basis to assume these statements were adopted by the witness.

In a preliminary joint exhibit list provided to the United States on January 24, 2022,[1] Defendants included two entries for "[s]ummaries of attorney proffers and/or other representatives of entities or individuals prepared by DOJ and provided to defense counsel." Defendants have not disclosed what specific proffers they intend to summarize, how they intend to summarize them, for what purpose they intend to summarize them, or why such proffers or summaries of them would not be inadmissible hearsay. Defendants have merely informed the United States that they believe the proffers are relevant.

---

[1] Prior to exchanging exhibit lists on January 24, 2022, pursuant to the Court's Scheduling Order, ECF No. 39, the United States and Defendants agreed that the lists exchanged would be drafted in good faith but may change prior to the final version filed with the Court.

# ARGUMENT

The United States moves *in limine* for an order precluding Defendants from introducing summaries of attorney proffers as evidence at trial, publishing or quoting the summaries of attorney proffers to the jury, introducing the summaries of attorney proffers to impeach witnesses during cross examination, or otherwise suggesting to the jury that the summaries of attorney proffers are statements of the witnesses, who did not write, ratify, or adopt them.

**I.      Summaries of Attorney Proffers Are Inadmissible Hearsay and Should Be Excluded**

Statements made to the United States by attorneys for individuals or companies are hearsay under Rule 801, and the United States' summaries of such orally conveyed statements are an additional layer of hearsay. Defendants have offered no hearsay exception or exclusion that applies, and none exists. *See* Transcript at 78–79, *United States v. Vorley*, 18-cr-35-1, 2 (N.D. Ill. Sept. 4, 2020), ECF No. 305 ("I'm not going to permit these [attorney] proffers to be used as substantive evidence because the attorney proffer is not a proceeding under oath under 801(d)(1)(A), and [the witness] is not a party-opponent so it doesn't come in under 801(d)(2)."). Rule 801(d)(2) could not serve as the basis for admission. Even assuming that a foundation could be laid that counsel for a witness was acting within the scope of his authority as a witness's agent or representative,[2] the only Federal Rule of Evidence which specifically allows for the admission of statements made by a person's agent or representative is Rule 801(d)(2), a rule expressly limited to statements of party opponents, which these witnesses are not. *See United States v. Yildiz*, 355 F.3d 80, 82 (2d Cir. 2004) ("[T]he out-of-court statements of a government informant are not admissible in a criminal trial pursuant to Rule 801(d)(2)(D) as admissions by

---

[2] Defendants' ability to lay such a foundation is a dubious proposition. In order to do so, Defendants would have to establish that information proffered by counsel did not deviate from the witness's instructions—and any such inquiry risks invading the attorney-client privilege.

3

the agent of a party opponent.").

Rule 801(d)(1) does not apply either. Rule 801(d)(1) allows for the admission of prior inconsistent statements by declarants who are not party opponents, but contains no such exception for statements by a declarant's agent or representative. The United States' summaries of oral proffers are not even statements of the attorneys, since the attorneys have not reviewed or ratified them. But even where the disclosure letters provide verbatim communications from counsel, Rule 801(d)(1) would not provide a basis for admissibility, since the Court may receive into evidence an inconsistent statement by an agent of a declarant only when that declarant is a party opponent. Notably, the drafters of the Federal Rules of Evidence included an exception for agent and representative statements in subsection (d)(2), but not in subsection (d)(1). Moreover, a witness's prior inconsistent statement is admissible under Rule 801(d)(1)(A) when it "was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition," Fed. R. Evid. 801(d)(1)(A), and an attorney proffer is not a statement made under penalty of perjury.

II.     **Defendants Should Be Precluded from Seeking To Impeach Witnesses with Summaries of Attorney Proffers**

Any effort to use information captured by the United States from an attorney proffer as evidence to impeach a witness under Rule 613 should be no more successful than an attempt to admit the evidence as substantive evidence, and for largely the same reasons. While Rule 613(a) allows for impeachment by inconsistent statements, its language limits impeachment to statements made by the witness—not the statements of others, even those who may act as agents of the witness: "When examining a witness about *the witness's prior statement*, a party need not show it or disclose its contents to the witness," Fed. R. Evid. 613(a) (emphasis added). *See* Transcript at 79, *United States v. Vorley*, 18-cr-35-1, 2 (N.D. Ill. Sept. 4, 2020), ECF No. 305 ("Rule 613 addresses only inconsistent statements by a witness. . . . It makes no provision for

4

statements by agents of a witness."). Certainly, the rule does not contemplate an even-further-removed paralegal or attorney summary of an oral proffer of an attorney.

But even if Defendants sought to introduce testimony or statements of attorneys, the Court should not read into Rule 613(a) an exception for statements relayed by representatives or agents of the witness because, as noted above, the drafters of the Federal Rules of Evidence included an exception where they intended one—in Rule 801(d)(2)—but declined to do so in Rule 613(a). Notably, long before Rule 613's passage in 1975, courts had recognized that a witness could not be impeached by the statement of another person. *See Palermo v. United States*, 360 U.S. 343, 350 (1959) (explaining it would be "grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations"). The passage of the Federal Rules of Evidence did not change this proposition. *See United States v. Schoenborn*, 4 F.3d 1424, 1427 (7th Cir. 1993) ("A third party's characterization of a witness's statement does not constitute a prior statement of that witness unless the witness has subscribed to that characterization." (internal quotation marks omitted) (quoting *United States v. Almonte*, 956 F.2d 27, 29 (2d Cir. 1992))); *United States v. Tarantino*, 846 F.2d 1384, 1416 (D.C. Cir. 1988) ("[W]itnesses are not impeached by prior inconsistent statements of *other* witnesses, but by their *own* prior inconsistent statements.").[3] The fact that attorney proffers are not the

---

[3] This principle applies with equal force to preclude any attempted impeachment by a witness using a report summarizing an interview with that witness, such as an FBI Form 302, which does not purport to reflect verbatim statements of the witness and has not been reviewed by, ratified, or adopted by the witness. *See, e.g.*, *United States v. Hill*, 526 F.2d 1019, 1026 (10th Cir. 1975) (affirming the trial court's decision to "not allow counsel to use the 302 statement to impeach a witness because the witness did not prepare or sign the document and probably never adopted it"); *United States v. Almonte*, 956 F.2d 27, 29–30 (2d Cir. 1992) (per curiam); *United States v. Brika*, 416 F.3d 514, 529 (6th Cir. 2005), *abrogated on other grounds by United States v.*

5

witness's statement also precludes Defendants from attempting to offer them for the nonhearsay purpose of demonstrating that the witness "changed his story": "The statements aren't [the witness's], so they aren't relevant to show [the witness] changing his testimony." *See* Transcript at 79, *United States v. Vorley*, 18-cr-35-1, 2 (N.D. Ill. Sept. 4, 2020), ECF No. 305.

Moreover, offering extrinsic evidence of a witness's prior inconsistent statement—in the form of testimony from the witness's attorney or the DOJ attorney or paralegal who drafted the summary of an oral attorney proffer—could not be accomplished through Rule 613(b), which says "extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity *to explain or deny the statement* and an adverse party is given an opportunity to *examine the witness about it*, or if justice so requires." Fed. R. Evid. 613(b) (emphasis added). Under Rule 613(b), for extrinsic evidence of the proffer to be admissible, a witness would need to be given an opportunity to "explain or deny" the statement that his lawyer provided in an attorney proffer, but a witness is in no position to explain or deny what his lawyer said outside his presence, and, in any event, any inquiry into the witness's knowledge of the statement risks invading his attorney-client privilege. Indeed, because the witnesses did not attend these oral proffers, there would be no way to assess what a witness knew about what their counsel said during meetings with the United States, without divulging conversations that the witness had with their counsel. And even where counsel for a witness provided information in written form, the same obstacle exists: the extent of a witness's knowledge of their counsel's communications to the United States could be determined only by violating the witness's

---

*Booker*, 543 U.S. 222 (2005); *United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980); *United States v. Saget*, 991 F.2d 702, 710–11 (11th Cir. 1993). Because FBI Form 302s are not included on Defendants' preliminary exhibit list, they are not further addressed in this motion, though the United States submits that introduction of these reports as substantive exhibits or use of these reports for impeachment would be improper.

attorney-client privilege.

Compliance with the requirements of Rule 613(b) is especially problematic for attorney proffers, which are typically styled as hypothetical proffers by counsel of what counsel believes their client *would* say on various topics, rather than delivering a *verbatim* message from the client. Counsel's understanding about what their client would say on a topic cannot be attributed to that client without laying a foundation for how counsel gained that understanding. And there is no conceivable way to explore how counsel gained that understanding while respecting the bounds of privilege.

### III.     In the Alternative, Evidence of Attorney Proffers Should Be Excluded Under Rule 403

If the Court nonetheless determines that the Federal Rules of Evidence allow for the admission of proffers as evidence, or as prior inconsistent statements made by the attorneys of nonparty witnesses, the Court should nonetheless exclude such evidence under Rule 403. *See* Fed. R. Evid. 403; *United States v. John*, 849 F.3d 912, 917 (10th Cir. 2017) ("Trial judges retain wide latitude to impose reasonable limits on cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." (cleaned up) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986))). Any probative value of an attorney's statements during the proffers is substantially outweighed by the risk of confusion, unfair prejudice, and undue delay. Allowing Defendants to use attorney proffers would be unfairly prejudicial because, as discussed above, the United States would be unable to examine the witness on redirect examination regarding whether, or the extent to which, the attorney proffer tracked statements the witness made to his attorney, without invading the witness's attorney-client privilege. Moreover, allowing Defendants to offer evidence related to the attorney proffers would result in undue

7

delay and burdensome side-litigation in an attempt to establish whether the summary accurately reflected what the counsel intended to convey, whether the information conveyed by the counsel was actually an accurate reflection of what a witness said, whether the attorney was acting within the scope of his authorization as a witness's agent when he proffered the information, and whether discovery on these issues would invade a witness's attorney-client privilege.

Defendants should not be permitted to turn the United States' fulsome discovery disclosures into a distraction that will confuse the jury and extend trial. These risks substantially outweigh any slight probative value in evidence of attorney proffers, which are the result of multiple levels of hearsay and are, at best, a mix of substantive information through the framework of attorney advocacy.

## CONCLUSION

For the foregoing reasons, this supplemental motion *in limine* to exclude evidence of attorney proffers should be granted.

DATED: February 7, 2022        Respectfully submitted,

/s/ Anthony W. Mariano
Anthony W. Mariano, Trial Attorney
Megan S. Lewis, Assistant Chief
Sara M. Clingan, Trial Attorney
William J. Vigen, Trial Attorney
Terence A. Parker, Trial Attorney
U.S. Department of Justice, Antitrust Division
Washington Criminal II Section
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: 202-598-2737
E-mail: anthony.mariano@usdoj.gov

## CERTIFICATE OF CONFERENCE

In compliance with Local Rule 7.1(a), the United States has conferred with counsel for DaVita and Thiry regarding this motion *in limine* on February 4, 2022, and DaVita and Thiry confirmed that they oppose this motion.

**CERTIFICATE OF SERVICE**

      On February 7, 2022, I filed this document with the Clerk of the Court using CM/ECF, which will serve this document on all counsel of record.

                                    */s/ Anthony W. Mariano*
                                  Anthony W. Mariano, Trial Attorney