IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

   1. DAVITA INC.,
   2. KENT THIRY,

        Defendants.

_____

**DEFENDANTS' REPLY TO UNITED STATES' BRIEF ON JURY INSTRUCTIONS**
_____

    Defendants submit this reply to the government's brief regarding the Court's proposed market allocation jury instruction.[1] *See* ECF 243. The government's brief is nothing more than a series of red herrings and mischaracterizations of this Court's prior rulings.

    1.    The government argues that the "Court has already ruled … [that] the United States does not need to define or prove a market." *Id.* at 1. Defendants do not dispute that the Court held this. And defendants' redline to the Court's proposed instruction does *not* ask the Court to instruct the jury that the government must define or prove a market. *See* ECF 242-2. It simply points out that "[t]he existence of a 'relevant market' is typically a factual inquiry for the jury." ECF 242 (quoting *In re High-Tech Employee Antitrust Litigation*, 856 F.Supp.2d 1103, 1122 (N.D. Cal. 2012)).

    2.    The government argues, without explanation, that "Defendants' citations to rule of reason cases, monopolization cases, and civil pleading standards are simply irrelevant." ECF

---

[1] Defendants preserve all prior objections and arguments regarding jury instructions.

1

243 at 2. Defendants cite cases such as *Bogan v. Hodgkins*, 166 F.3d 509 (2d Cir. 1999), on which this Court has repeatedly relied, *see, e.g.*, ECF 214 (Order on Jury Instructions) at 7, because those cases make clear that *per se* illegal "market allocation" requires the ability to cease meaningful competition in a "real economic market"—something the government seeks to avoid having to prove by precluding the jury from considering all of the evidence relating to competition in the market. *See Auraria Student Hous. at the Regency, LLC v. Campus Vill. Apartments, LLC*, 843 F.3d 1225, 1245 (10th Cir. 2016) (plaintiff in section 2 conspiracy case "failed to define a true economic market," explaining that a "market is one that reflects the total market demand for plaintiffs' product, not just defendants' demand," and that plaintiff was asking the court to examine the effect of defendants' conduct on "a single competitor—rather than its impact on competition generally").

3.  The government argues that "a per se Section 1 violation does not require evidence of market power or the ability to affect prices." ECF 243 at 3. Defendants' redline to the Court's proposed instruction does not ask the Court to instruct the jury that the government must prove market power. *See* ECF 242-2.

4.  The government falsely claims that defendants have argued that the fact "that they did not conspire with all competitors," that they "did not eliminate all competition," or that their alleged agreements "would only affect a small number of potential [employees in the labor market]," means they are innocent. ECF 243 at 3. Defendants did not argue any of these things. Defendants' argument is that the government must prove the intent to cease "meaningful" competition in the relevant market—here, the market for SCA and DaVita senior employees (Count 1) and the market for DaVita employees (Counts 2 and 3)—irrespective of the number of

alleged conspirators involved in the alleged conspiracy, and irrespective of the fact that DaVita's (and SCA's) employees comprise a tiny fraction of the labor market.

5. The government analogizes this case to bid-rigging and price-fixing to claim that "the Sherman Act does not allow two competitors for employees to agree not to compete for employees, even if there may be other employers out there." ECF 243 at 4. This argument ignores the Court's finding that the "novelty of this case persuades [it] to depart from the instructions of customer-allocation cases," ECF 214 at 3, much less traditional, run-of-the-mill price-fixing or bid-rigging cases. It also ignores the Court's ruling that evidence of lack of effects on DaVita's mobility "might be relevant to the question whether the defendants entered into an agreement to allocate the market and did so with the intent to allocate the market, as charged in the indictment, i.e., whether they entered into an agreement with the purpose of allocating the market for senior executives (Count I) and other employees (Counts 2 and 3)." ECF 210 at 3.

6. The government argues that the Court has "rejected Defendants' contention that the United States must prove a national employment market." ECF 243 at 6. Defendants have never made that argument, and their redline to the Court's proposed instruction does not ask the Court to instruct the jury that the government must prove a national employment market. *See* ECF 242-2.

7. The government asks the Court to instruct the jury that "the agreement is the crime … and thus success or lack thereof is not an element of the offense," and warns that defendants "are seeking to sweep in justification evidence under the argument that such evidence goes to intent." ECF 243 at 7. This ignores the Court's repeated rulings that "defendants' intent

matters," ECF 210 at 11, and the fact that the Court has held that evidence of competition and procompetitive purposes is "relevant to the question … whether they entered into an agreement with purpose of allocating the market for senior executives (Count 1) and other employees (Counts 2 and 3) into an agreement to allocate the market and did so with the intent to allocate the market," *id.* at 3-4.

Dated:  April 10, 2022                                                        Respectfully submitted,

Jeffrey E. Stone                                                                    /s/ *John F. Walsh III*
Daniel Campbell                                                                John F. Walsh III
McDermott Will & Emery LLP                                         Wilmer Cutler Pickering Hale & Dorr LLP
444 W Lake St.                                                                    1225 17th Street, Suite 2600
Chicago, IL 60606                                                               Denver, CO 80220
(312) 984-2064                                                                    (720) 274-3154
jstone@mwe.com                                                                john.walsh@wilmerhale.com

Justin P. Murphy                                                                 John C. Dodds
McDermott Will & Emery LLP                                         Morgan Lewis & Bockius LLP
500 North Capitol Street, NW                                           1701 Market Street
Washington, DC 20001-1531                                            Philadelphia, PA 19103-2921
(202) 756-8018                                                                    (215) 963-4942
jmurphy@mwe.com                                                          john.dodds@morganlewis.com

*Counsel for Defendant Kent Thiry*                                  *Counsel for Defendant DaVita Inc.*

## CERTIFICATE OF SERVICE

I certify that on April 10, 2022, I filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification thereof to all registered counsel.

/s/ *John F. Walsh III*
John F. Walsh III