IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-00229-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAVITA INC.,
2. KENT THIRY,

    Defendants.

---

**UNITED STATES' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR EXTENSION OF TIME TO COMPLY WITH PROTECTIVE ORDER**

---

The United States opposes Defendants' Joint Motion for Extension of Time To Comply with Protective Order (ECF No. 271). The United States provided discovery materials to Defendants pursuant to the Protective Order "for use solely in connection with this criminal case." ECF No. 43 at 2. The Protective Order requires Defendants to return to the United States or destroy all materials covered by the Protective Order within 30 days after the Court entered judgment on April 20, 2022. *Id.* at 5. As early as May 5, 2022, the United States reminded Defendants of their obligation to comply with the Protective Order by May 20, 2022. Defendants have chosen not to, and, in fact, have not even taken steps to begin to comply. Instead, two days before the deadline, Defendants sought leave of court to retain documents for another 30 days, in the hopes of using the documents in other litigation—which the Protective Order explicitly forbids. The Court should deny Defendants' motion for a 30-day extension and order Defendants to promptly comply with the Protective Order.

## BACKGROUND

On August 20, 2021, the Court entered a Protective Order in this case. The Protective Order prohibits Defendants from disclosing "any discovery materials (or copies thereof) provided by the government to the defense" except to certain persons and explicitly states that the discovery materials provided to Defendants are "for use solely in connection with this criminal case." ECF No. 43 at 1–2. The Protective Order further dictates, "All Confidential Information turned over to defendants and defense counsel, any copies made thereof, and any documents reflecting information contained within Confidential Information, shall be returned to the United States or destroyed within 30 days after this case is disposed of by trial, appeal, or other resolution of the charges against the defendants." *Id.* at 5. The Protective Order was negotiated between the United States and Defendants, and the United States filed the proposed Protective Order on August 20, 2021. ECF No. 42. Later that same day, the Court entered the order. ECF No. 43.

The United States reminded Defendants of their obligations under the Protective Order as early as May 5, 2022. On May 13, 2022—for the first time—Defendants revealed that they did not intend to comply with the Protective Order by the deadline. On that day, Defendants asked the United States to agree to an amendment to the Protective Order to allow Defendants to retain protected material during the pendency of a related criminal trial in Dallas, Texas, scheduled to commence January 9, 2023. Defendants also suggested they should be permitted to retain and use material subject to the Protective Order in a pending civil case. Finally, Defendants asked for a 30-day extension to comply with their obligations under the Protective Order in order to raise the issue with the civil court. The United States declined to agree to the requested extension or modification to the Protective Order.

On May 18, 2022, counsel from McDermott Will & Emery LLP, Wilmer Cutler Pickering Hale & Dorr LLP, and Morgan Lewis & Brockius LLP filed the instant motion. Defense attorneys from Fish & Richardson PC, Winston & Strawn LLP, and King & Spalding LLP—who did not sign the motion and who do not represent parties in the civil case—confirmed their compliance with the Protective Order to the United States on May 19, 2022 via email.

## ARGUMENT

Under Federal Rules of Criminal Procedure 16(d)(1), a district court "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). This provision grants district courts wide discretion to enter protective orders aimed to dictate what information may be disclosed, and in what circumstances. *See Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect."). The Supreme Court has emphasized the importance of adhering to such orders, stating that the Court "would not expect the district courts to permit the parties or counsel to take these orders lightly." *Id.*

"[T]here is a 'strong presumption against the modification of a protective order.'" *United States v. Maxwell*, 2020 WL 5237334, at *1 n.2 (S.D.N.Y. Sept. 2, 2020) (quoting *In re Teligent, Inc.*, 640 F.3d 53, 59 (2d Cir. 2011))); *see also United States v. Morales*, 807 F.3d 717, 723 (5th Cir. 2015) (requiring "good cause" to modify a protective order in a criminal case). The Protective Order in this case was ordered to protect the law enforcement interests of the United States and to protect the privacy interests of many third parties, including cooperating witnesses for the United States. While disclosure of these sensitive materials under the Protective Order was appropriate to allow Defendants to defend themselves against criminal charges, these

materials cannot be retained for Defendants to use in another case or for any other purpose. Accordingly, the Court should decline to modify the Protective Order and should order Defendants to comply promptly.

Defendants agreed to the 30-day period for compliance when the Protective Order was first negotiated, proposed, and entered. Defendants have not demonstrated good cause to modify the Protective Order or to permit them an additional 30 days for compliance. It is untrue that Defendants "are working as quickly as reasonably possible to comply with the Protective Order," ECF No. 271 at 3. Indeed, as recently as May 13, 2022, Defendants admitted that they had not even *begun* to comply.[1] Accordingly, this is not a situation where Defendants have made a good faith effort to comply and have made progress but have run out of time. Instead, Defendants seek a second 30 days to do everything that they were required to do in the original 30-day period. That Defendants seek an extension of 30 days to comply, when they have not yet begun to comply, further demonstrates that 30 days was a sufficient time period for Defendants to destroy or return the protected materials.

Defendants strain to make compliance with the Protective Order sound complicated. *See id.* at 2–3 ("[T]his case involved millions of pages of confidential documents and the defense of DaVita and Thiry was coordinated among multiple law firms, all of which must independently comply with the Protective Order." "The documents subject to the Protective Order are not all

---

[1] It should also be noted that, despite protests from Defendants that the United States would not agree to an extension, *see* ECF No. 271 at 2–3 ("On May 18, 2022, Defendants met and conferred with Mr. Mariano again to request an extension of the 30-day timeline, informing him that *Defendants would otherwise be forced to file this motion*, but Mr. Mariano again refused." (emphasis added)), the United States cannot extend a court-ordered deadline. The Protective Order is an explicit, binding order of this Court. Defendants' obligations are to this Court. If Defendants wanted an extension, they were always going to need to move for one. That Defendants contemplated violating this Court's Protective Order without moving the Court for a modification or extension is troubling.

4

centrally located."). It is not. Compliance is straightforward, and these sophisticated law firms are certainly capable of destroying documents pursuant to a court order if they choose to do so. In fact, three other law firms already have. Even if compliance were complicated and time consuming, Defendants could have identified that issue and sought relief from the Court more forthrightly weeks ago, rather than waiting until two days before the deadline to file a motion that offers not a single detail on any efforts to comply or progress made. The Court should not reward Defendants' decision to ignore this Court's order by extending an accommodation.

Rather than actually needing more time, Defendants' requested delay is designed to allow the civil court to opine on whether Defendants should contravene the Protective Order and retain documents for use in the civil case. In support of their motion, Defendants cite a July 9, 2021 court order from the Northern District of Illinois civil case, ordering that "each party shall take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation, consistent with their obligations under the Federal Rules of Civil Procedure." Pretrial Order No. 1 at 5, *In re Outpatient Med. Ctr. Emp. Antitrust Litig.*, 1:21-cv-305, ECF No. 50 (N.D. Ill. July 9, 2021).[2] But the Protective Order makes no provision for a delay or exception under these circumstances. And Defendants, who were under their preservation obligations in the civil case when this Protective Order was negotiated and entered, did not seek any such an exception at the time. The only possible exception in the Protective Order is for a court order to produce documents. *See* ECF No. 43 at 5 ("If nonetheless either defendant, or a third party, is compelled by court order to produce the

---

[2] A month later, on August 9, 2021, Defendants were added as defendants in the civil case, which is premised on, inter alia, the same conduct underlying the criminal charges in this matter. *See* Consolidated Amended Class Action Complaint, *In re Outpatient Med. Ctr.*, 1:21-cv-305, ECF No. 57 (N.D. Ill. Aug. 9, 2021).

Confidential Information or information contained within Confidential Information, then production of such materials shall not be deemed a violation of this Order."). But there is no order to produce documents here. Accordingly, the Protective Order must be followed.

Nor is delay necessary to allow the civil court to opine. By complying with the Protective Order, Defendants would not be destroying their own documents, because the materials subject to the Protective Order do not belong to Defendants. The protected materials were produced to Defendants temporarily, to allow for their use in the defense of the criminal case, and for no other purpose.[3] They are the property of the United States, not Defendants. Discovery of these materials in the civil case should be directed to the United States, pursuant to the appropriate *Touhy* regulations. *See* 28 C.F.R. § 16.21, *et seq*. As Defendants correctly note, the United States has informed both civil defendants and plaintiffs that it will retain these documents. *See* ECF No. 271 at 3. Seeking to circumvent the *Touhy* regulations is not good cause to justify a modification to the Protective Order.

## CONCLUSION

For the foregoing reasons, Defendants' Joint Motion for Extension of Time To Comply with Protective Order should be denied, and the Court should order Defendants to promptly comply with the Protective Order.

---

[3] Defendants do not press here their suggestion that they retain and use the protected materials in another criminal case to which they are not a party. Of course, use of any protected material by Defendants in that case would be a violation of the Protective Order. Similarly, any use by Defendants of protected material in the civil case would violate the Protective Order and is not permissible.

DATED: May 20, 2022                    Respectfully submitted,

                                                                          */s/ Anthony W. Mariano*
Anthony W. Mariano, Trial Attorney
Megan S. Lewis, Assistant Chief
Sara M. Clingan, Trial Attorney
Terence A. Parker, Trial Attorney
William J. Vigen, Trial Attorney
U.S. Department of Justice, Antitrust Division
Washington Criminal II Section
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: 202-598-2737 / 202-598-8145 / 202-480-1951 / 202-705-6156 / 202-353-2411
FAX: 202-514-9082
E-mail: anthony.mariano@usdoj.gov / megan.lewis@usdoj.gov / sara.clingan2@usdoj.gov / terence.parker2@usdoj.gov / william.vigen@usdoj.gov

## CERTIFICATE OF SERVICE

On May 20, 2022, I filed this document with the Clerk of the Court using CM/ECF, which will serve this document on all counsel of record.

                                                                          */s/ Anthony W. Mariano*
Anthony W. Mariano, Trial Attorney