# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. DAVITA INC.,
2. KENT THIRY,

        Defendants.

---

**DEFENDANTS' JOINT REPLY IN SUPPORT OF MOTION FOR
EXTENSION OF TIME TO COMPLY WITH PROTECTIVE ORDER**

---

Defendants DaVita Inc. ("DaVita") and Kent Thiry ("Thiry") raise three necessary factual corrections in this Reply.

1.     ***First***, Defendants *never* "contemplated violating this Court's Protective Order" and instead proceeded thoughtfully and intentionally so that (as explained to DOJ in a meet-and-confer call on May 13) neither this Court nor the court in the parallel civil action would misconstrue Defendants' actions as disregarding their respective orders. ***Second***, Defendants never "admitted that they had not even begun to comply" with this Court's Protective Order, which is belied by facts such as: (a) a week earlier Defendants met and conferred with DOJ, as required by L.R. 7.1(a) before filing a motion, precisely because they had already started working on their compliance with the Order; and (b) as the DOJ notes in its Opposition, some of Defendants' law firms have not only begun to comply but have already certified their completed compliance. ***Third***, Defendants' motion is not "designed to allow the civil court to opine on whether Defendants should

1

contravene the Protective Order and retain documents for use in the civil case," which the Government knew before filing their opposition from: (a) an email to DOJ on May 19 that said Defendants "will inform Judge Wood [in the parallel civil action] that we intend to comply with the Protective Order, absent further instruction from the court"; and (b) a draft joint filing circulated to DOJ in the civil action (unchanged in the final filing) that said "[a]bsent further order of [the Illinois court] or the Colorado court, DaVita and Thiry will proceed with this document destruction and certify same to the Government by June 20, 2022."

2. The Court should grant Defendants' motion for a reasonable 30-day extension. No party is injured by the granting the motion, and it preserves the parties' ability to inform fully the court in the parallel civil action.

Dated:  May 21, 2022

Jeffrey E. Stone
Daniel Campbell
McDermott Will & Emery LLP
444 W Lake St.
Chicago, IL 60606
(312) 984-2064
jstone@mwe.com

Justin P. Murphy
McDermott Will & Emery LLP
500 North Capitol Street, NW
Washington, DC 20001-1531
(202) 756-8018
jmurphy@mwe.com

*Counsel for Defendant Kent Thiry*

Respectfully submitted,

/s/ *John F. Walsh III*
John F. Walsh III
Wilmer Cutler Pickering Hale & Dorr LLP
1225 17th Street, Suite 2600
Denver, CO 80220
(720) 274-3154
john.walsh@wilmerhale.com

John C. Dodds
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-4942
john.dodds@morganlewis.com

*Counsel for Defendant DaVita Inc.*