## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. DAVITA INC.,

2. KENT THIRY,

     Defendants.

---

### INTERESTED PARTIES SCOTT KEECH'S AND ALLEN SPRADLING'S CORRECTED[1] MOTION TO INTERVENE AND MOTION FOR EXTENSION OF DEADLINE FOR DEFENDANTS TO DESTROY EVIDENCE RELEVANT TO THE CIVIL ACTION

---

Plaintiffs Scott Keech and Allen Spradling ("Plaintiffs") in the parallel civil litigation *In re Outpatient Medical Center*, No. 1:21-cv-00305 (N.D. Ill.) ("Civil Action") hereby respectfully seek to intervene[2] in the above-captioned matter for the limited purpose of requesting that the Court issue an order continuing the June 20, 2022 deadline by which Defendants DaVita, Inc. and Kent Thiry must destroy evidence relevant to Plaintiffs' civil claims, pursuant to the Protective Order entered by this Court. In support of this motion, Plaintiffs state as follows:

---

[1] Pursuant to the Court's instructions, the only change to this corrected document compared to the one filed earlier is that the signatory of this document is Anne B. Shaver.

[2] Intervention is necessary and appropriate here since Plaintiffs' federal rights "are implicated by the resolution of a particular motion, request, or other issue during the course of a criminal case." *United States v. Carmichael*, 342 F. Supp. 2d 1070, 1072 (M.D. Ala. 2004). *See also Gravel v. United States*, 408 U.S. 606, 608 n.1 (1972) (noting that district court allowed third-party motion to intervene to quash grand jury subpoenas where testimony of witnesses implicated federal rights).

2426466.5

1.      Between January 19, 2021 and February 10, 2021, Plaintiffs filed three civil class actions in the Northern District of Illinois: *Roe v. Surgical Care Affiliates, LLC, et al.*, 1:21-cv-305 (N.D. Ill. Jan. 19, 2021); *Smith v. Surgical Care Affiliates, LLC, et al.*, 1:21-cv-620 (N.D. Ill. Feb. 3, 2021); and *Keech v. Surgical Care Affiliates, LLC, et al.*, 1:21-cv-741 (N.D. Ill. Feb. 10, 2021).  By their complaints, Plaintiffs seek damages under the federal antitrust law, 15 U.S.C. § 1, arising from an illegal agreement not to hire or poach employees entered into by certain entities including Surgical Care Affiliates, LLC ("SCA"), SCAI Holdings, LLC, Andrew Hayek, UnitedHealth Group, United Surgical Partners Holding Company, Inc., United Surgical Partners International, Inc., Tenet Healthcare Corporation, DaVita, Inc. ("DaVita"), and Kent Thiry ("Thiry").[3]  These cases were consolidated on May 17, 2021 under the Docket No. 1:21-cv-305. Civil Action, ECF No. 47.

2.      On March 12, 2021, the United States moved to intervene in the Civil Action, seeking to stay discovery.  In support, the United States asserted concerns with potential interference with ongoing criminal prosecutions including the related criminal trial against SCA in which the Government charged crimes arising from the same conduct giving rise to Plaintiffs' Civil Actions (*United States v. Surgical Care Affiliates, LLC, et al.*, 3:21-cr-11-L, ECF No. 1 (N.D. Tex. Jan. 5, 2021) ("Texas Action")).  Civil Action, ECF No. 30.  The United States also assured the Court and Plaintiffs in the Civil Action that:  "the documents the Plaintiffs would seek are likely already being preserved.  In any event, the Defendants already have a duty to preserve relevant information."  *Id.* at 14.  Plaintiffs did not oppose the motion to intervene but opposed the stay of discovery.  Plaintiffs proposed alternatives for proceeding with discovery in the Civil Action which would address the concerns with the ongoing criminal prosecutions.  The

---

[3] Thiry was the Chief Executive Officer and Chairman/Co-Chairman of the Board of Directors of DaVita.

Court granted the motion to intervene and instituted a partial stay of discovery but permitted preservation discovery to ensure that relevant evidence would not be destroyed.  Civil Action, ECF No. 47.

3.      On July 14, 2021, the Department of Justice ("DOJ") revealed a grand jury indictment against DaVita and Thiry ("Colorado Action").  *United States v. DaVita, Inc.*, No. 1:21-cr-229-RBJ (D. Colo.) at ECF No. 1.  The indictment charged crimes arising from the same conduct giving rise to Plaintiffs' civil actions.

4.      On August 20, 2021, this Court considered the United States' Unopposed Motions for a Protective Order (Colorado Action, ECF Nos. 34, 42).  In the United States' Unopposed Motions for Protective Order, the government stated that it would be producing to DaVita and Thiry over a million and a half documents.  Colorado Action, ECF No. 34.  Yet the government argued in a single paragraph that all of those documents must be deemed confidential and subject to destruction merely because some of those documents include personal identifying information, such as Social Security numbers, some confidential business information, and some other personal identifiers.  *See id.* at 4.  The government argued that redacting such material would be "overly burdensome."  *Id.*  The government's desire not to be burdened by redacting personally identifying information was essentially the only ground for a protective order that the government is now using to demand that DaVita and Thiry destroy over a million and a half documents that are highly relevant to Plaintiffs' civil claims.  The only other argument the government put forward was contained in a single, vague, and unsubstantiated sentence: "The potentially discoverable material also includes material pertinent to the United States' ongoing investigation."  *Id.*  There was no further explanation or justification for seeking an order that the

2426466.5

Government is now using to require Defendants to destroy over a million and a half relevant documents.

5.      On August 20, 2021, this Court granted the United States' Unopposed Motions for Protective Order, saying that "the Court [has] no objection to your agreement as to how you treat each other's documents and information.  But any documents filed with the Court will be open to the public without restriction unless good cause is shown on a document by document basis to restrict public access."  Colorado Action, ECF No. 36.  The Court further noted that the "parties may redact private personal information such as an individual's contact information, Social Security number, and medical information without the need for leave of the Court."  *Id.* After the parties made a small adjustment to the Protective Order to address the Court's concern with documents filed on the Court's docket, the Court approved the parties' negotiated Protective Order.  Colorado Action, ECF No. 43.

6.      DaVita, Thiry, and the government never consulted or even apprised the Plaintiffs to the Civil Action of the Protective Order before it was submitted "unopposed."  Had Plaintiffs been apprised and consulted, Plaintiffs would have sought to intervene to prevent the destruction of materials relevant to the Civil Action, since DaVita and Thiry's agreement to destroy the relevant materials in the Colorado Action was in direct contravention of their then existing—and now continuing—duty to preserve relevant materials in the Civil Action.

7.      The Protective Order requires, among other things, that, except for work product retained by defense counsel, "[a]ll Confidential Information turned over to defendants and defense counsel, any copies made thereof, and any documents reflecting information contained within Confidential Information, shall be returned to the United States or destroyed within 30

days after this case is disposed of by trial, appeal, or other resolution of the charges against the defendants." Colorado Action, ECF No. 43 at 5.

8.      However, the Protective Order also provides that, in the event that Defendants receive a document request that calls for any Confidential Information, they may produce that information if compelled to do so by Court order. Colorado Action, ECF No. 43 at 5.

9.      This Court entered Judgments of Acquittal as to Defendant DaVita and Defendant Thiry on April 20, 2022. Colorado Action, ECF Nos. 266 and 267.

10.     On May 18, 2022, Defendants filed a Joint Motion for Extension of Time to Comply with the Protective Order. Colorado Action, ECF No. 271. On May 19, 2022, the Court requested that the United States respond to Defendants' Motion by May 20, 2022. Colorado Action, ECF No. 272. The United States responded on May 20, 2022 in opposition to Defendants' Motion. Colorado Action, ECF No. 273.

11.     In the United States' opposition to Defendants' Motion to extend the time to destroy the materials, Colorado Action, ECF No 273, the United States made two critical concessions: First, the United States asserted no argument that the delay in destroying the material would prejudice the United States in any way. Instead, the United States merely claimed that Defendants had not provided good cause for an extension, since they filed their motion just before the deadline. Indeed, as of the date of this filing, the United States does not appear to have asserted any basis why delaying the destruction of relevant documents would prejudice the United States in any way. Nor could it, since the delay does not require the Defendants to produce the materials; it only delays the destruction until further analysis and motion practice can proceed, to avoid prejudice, and to ensure that destruction of relevant materials will not cause irreparable harm to Plaintiffs.

2426466.5

12.     Second, the United States conceded that the Protective Order allows for the production of the materials to Plaintiffs if the court in the Civil Action orders the materials' production.  The United States recognizes that the court in the Civil Action may issue such an order, and the parties are currently briefing that issue before that court.  *See* Civil Action, ECF No. 141.  Yet despite that recognition, the United States argued that because there is currently "no order to produce," the Defendants should destroy the documents so that there is nothing left to produce when and if the court in the Civil Action issues an order regarding production, as specifically contemplated by the Protective Order.

13.     On May 21, 2022, Defendants thereafter filed a Joint Motion for Leave to File a Reply.  Colorado Action, ECF No. 274.  On May 24, 2022, the Court granted Defendants' motion and extended the deadline to June 20, 2022.  Colorado Action, ECF No. 275.  The Court stated: "If the parties to the civil case wish to obtain some or all of these materials, they presumably will have to use ordinary civil discovery procedures to obtain them from the government in that case."  *Id.*

14.     Concurrently in the Civil Action, the parties were required to submit a joint status report on May 20, 2022.  In discussions leading up to that joint filing, the Defendants informed Plaintiffs that they had entered into a Protective Order that required them to destroy materials relevant to the Civil Action.  There is no dispute that materials subject to the Protective Order in this matter are directly relevant to and highly probative of the claims at issue in the Civil Actions.

15.     On May 20, 2022, Plaintiffs, Defendants, and the United States filed a Joint Status Report, wherein DaVita and Thiry notified the Court that they had filed a motion in the Colorado Action to extend the thirty-day destruction deadline.  Civil Action, ECF No. 137.

2426466.5

16.     On May 25, 2022, Plaintiffs wrote to counsel for Defendants DaVita and Thiry formally notifying them that certain material in the possession of DaVita and Thiry in connection with the Colorado Action, including materials provided to them by the United States, are relevant to the Civil Action and subject to the preservation obligations of DaVita and Thiry.  Further, for the avoidance of doubt, Plaintiffs advised DaVita and Thiry to "refrain from destroying all materials in the related criminal action."

17.     On May 27, 2022, DaVita and Thiry filed a Supplement to the Joint Status Report in the Civil Action notifying the Court that regardless of Plaintiffs' requests, and regardless of Defendants' preservation obligations that arose long before they negotiated and agreed to the Protective Order, Defendants intended to proceed with the document destruction by June 20, 2022, unless otherwise ordered.  Civil Action, ECF No. 138.

18.     On June 1, 2022, the parties attended a joint status hearing in the Civil Action but could not come to a consensus on the destruction issue.  The transcript of that hearing is attached as Exhibit A.  During the hearing, Defendants DaVita and Thiry acknowledged that they were under conflicting obligations: an obligation in the Civil Action to preserve the relevant documents from the criminal case; and an obligation under the Colorado Action's negotiated Protective Order to destroy the relevant documents.  *See* Ex. A at 32–33 ("we don't want to be caught between two potentially or directly conflicting orders").  The court inquired as to whether the United States is under an obligation to preserve the materials the United States produced to DaVita and Thiry, and whether Plaintiffs would have any recourse if the government failed to preserve the materials.  Ex. A at 35.  Counsel for the United States responded that there is "no internal policy or regulation" requiring the United States to preserve the material.  *Id.*   Less formally, Counsel for the United States indicated that he would make sure his team knows to

retain everything, but could not identify any policy or regulation that would provide Plaintiffs with any recourse if the documents were not retained.

19.     A day later, on June 2, 2022, Plaintiffs met and conferred with the United States to request: (1) that the United States agree to preserve the documents that DaVita and Thiry were obligated to destroy; and (2) that the United States agree to produce those documents to Plaintiffs after the Texas Action concluded.  The United States said that, while it would preserve the documents, it would make no assurance that they would be produced to Plaintiffs.  The United States also said that, in its view, Plaintiffs could not "use ordinary civil discovery procedures" that this Court had "presume[ed]" would be available.  Colorado Action, ECF No. 275.  Instead, the United States insisted that the only discovery avenue that would be available to Plaintiffs would be a "*Touhy* request."[4]  The United States also said that, because of the partial stay in the Civil Action, it did not believe that it could even negotiate what it would and would not produce pursuant to a "*Touhy* request."[5]

20.     On June 8, 2022, Plaintiffs served document requests on DaVita and Thiry.  The document requests call for the production of: (1) All documentary or demonstrative evidence

---

[4] The *Touhy* procedures have been described as follows:

> Federal agencies are permitted to promulgate regulations, known as Touhy regulations, governing the disclosure of information pursuant to a movant's request . . . The DOJ's regulations, set forth at 28 C.F.R. §§ 16.21 *et seq.*, provide procedures and standards that govern the production or disclosure of any material or information in its files or within the knowledge of its employees, acquired by reason of their official duties, when responding to subpoenas issued in litigation. . . Once the demand containing the summary of the testimony sought is submitted, the appropriate persons in the DOJ will decide whether the testimony will be disclosed.

*See United States v. Rodgers,* No. 4:20-CR-00358, 2022 WL 1074013 (E.D. Tex. Apr. 8, 2022) at *2(citations omitted)

[5] In other proceedings, the United States has taken the position that its determination of whether materials will be disclosed under a Touhy process is not subject to review and, even if it were, it would be subject to the arbitrary and capricious standard set forth in the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 551-559.  *See Rodgers,*  2022 WL 1074013.

admitted or marked as exhibits in the DOJ Colorado Action; (2) All exhibit lists in the DOJ

Colorado Action; (3) All documentary or demonstrative exhibits set forth on the exhibit lists; and

(4) All documents or other material received from the United States as part of or in connection with

the DOJ Colorado Action.  To date, DaVita and Thiry have not responded to the Requests.  Under

ordinary rules, responses would not be due for thirty days.  The trial testimony confirms that the

information involves the same claim at issue in the Civil Action.  The material is relevant and

highly probative.  The material is discoverable and not privileged because it was disclosed by the

Government to its adversaries in the Colorado Action.

21.     On June 10, 2022, Plaintiffs spoke with counsel for DaVita.  Plaintiffs indicated

that they would seek to extend the deadline for the destruction of documents as called for by the

Protective Order to permit the parties to preserve the status quo and to avoid any prejudice to the

parties resulting from the destruction of documents.  Further, Plaintiffs reiterated the existence of

preservation obligations with respect to material within the possession, custody, or control of

DaVita and Thiry, including materials produced in the Colorado Action.  Counsel for DaVita did

not disagree that such preservation obligations existed but indicated its view there was a conflict

between its obligations in the Colorado Action and the Civil Action.  Plaintiffs asked counsel if it

would object to an extension of the destruction deadline.  Further, counsel for DaVita and Thiry

indicated their intent to seek relief from the Court in the Civil Action.

22.     Several hours later on June 10, 2020, DaVita and Thiry filed a motion for

protective order in the Civil Action, requesting permission to destroy the evidence subject to the

United States' demand, notwithstanding Plaintiffs' discovery requests and their obligation in the

Civil Action to preserve relevant material.  Civil Action, ECF No. 141.  Plaintiffs will oppose

Defendants' motion for protective order and will seek relief including an order to require DaVita

and Thiry to comply with their preservation obligations and not to destroy material subject to

that obligation, including material responsive to Plaintiffs' document requests.

23.     Earlier today on June 13, 2022, Plaintiffs served the United States with a

subpoena, regarding the documents the United States produced to Defendants in this criminal

action.  Exhibit B, attached.  Plaintiffs also explained that they could not consent to Defendants

destroying over a million documents relevant to Plaintiffs' civil claims, without confirming that:

(1) there is complete identity between the documents the United States will preserve and the

documents that DaVita and Thiry would destroy; and (2) that those documents would later be

produced to Plaintiffs.  Exhibit C, attached.  Plaintiffs urged the United States to reconsider their

stance on these matters to avoid the potential for irreparable prejudice to Plaintiffs, and to avoid

burdening two courts and the parties with unnecessary motion practice.  *Id.*

24.     Plaintiffs file this motion to preserve the status quo.  An order preserving the

status quo will provide the opportunity for the Court in the Civil Action to address the motions

regarding Defendants' preservation obligations.  The United States informed Plaintiffs that it will

oppose this motion.  Defendants stated they take no position on this motion.

25.     This motion is timely.  Plaintiffs first learned about the potential for spoliation of

relevant evidence resulting from the United States' destruction demand last month, in May 2022.

Plaintiffs have met and conferred with the United States on many occasions in an effort to

resolve these concerns, but did not learn until June 2, 2022 that the United States would refuse to

even confirm that it would produce the evidence to Plaintiffs, requiring Plaintiffs to seek the

evidence from Defendants in order to prevent the possibility of substantial prejudice.  Plaintiffs

were advised on June 10 by DaVita and Thiry that they still intend to destroy material called for

in Plaintiffs' requests for production of documents.

26.     The Parties in this Colorado Action do not adequately represent Plaintiffs' interests.  The United States demands that Defendants destroy the evidence Plaintiffs seek, while refusing to assure Plaintiffs that the United States will produce that same evidence in the Civil Action.  Defendants have filed a motion for protective order in the Civil Action seeking permission to destroy this evidence, thereby acknowledging that the destruction of these relevant materials could be deemed spoliation of evidence in the Civil Action.  Plaintiffs will oppose that motion and will seek an order in the Civil Action that Defendants produce the materials once the discovery stay is lifted, as is expressly contemplated by the Protective Order, which allows disclosure where ordered by a Court.  Colorado Action, ECF No. 43 at 5.

27.     Intervention is necessary because counsel for DaVita and Thiry have indicated they will destroy materials in their possession directly relevant to Plaintiffs' claims and defenses and responsive to Plaintiffs' document requests.  By this motion, Plaintiffs seek to preserve the status quo with respect to the discoverable information relevant to their claims and defenses in Defendants' hands.

28.     The United States has refused to provide confirmation that it will ever produce the material to Plaintiffs or that it will follow the "ordinary civil discovery procedures" that this Court presumed would apply.  Colorado Action, ECF No. 275.  Indeed, its response was substantially less than an unconditional "yes."  Instead, the United States seeks to require Plaintiffs to obtain this evidence through *Touhy* procedures which could substantially prejudice Plaintiffs, as compared to what Plaintiffs would ordinarily be able to obtain through standard civil discovery.  *See Edwards v. United States Dept. of Justice*, 43 F.3d 312, 314 (1994); *Barnett v. Illinois State Bd. Of Illinois*, No. 02 C 2401, 2002 WL 1560013, at * 2 (N.D. Ill. July 2, 2002).  The *Touhy* process is inappropriate and unnecessary here, given that certain Defendants in the

Civil Action—namely, DaVita and Thiry—already have this evidence because the Government produced it to them as they were required under principles of due process and the Constitution. They could simply produce them to Plaintiffs once the discovery stay in the Civil Action is lifted.  Further, Plaintiffs have not been provided with any inventory of the materials at issue to ensure any subsequent *Touhy* production from the United States would include the entirety of the relevant materials at issue.  DaVita and Thiry have represented to Plaintiffs that destroying the documents subject to the United States' demand is a multi-day process, suggesting that the documents exist in various places, in various forms, and that destruction decisions could involve an element of discretion and uncertainty.  Defendants and the government have also stated that the number of documents set to be destroyed are in the "millions."  Colorado Action at ECF No. 271 at ¶ 5; ECF No. 34 at 4.  Plaintiffs have no ability to ensure that there is complete identity between the documents the United States has asserted it will preserve, and what the Defendants intend to destroy.  Indeed, if the government fails to preserve the documents for any reason, not only is there no recourse as the United States has conceded, but Plaintiffs would have no way of knowing that the United States failed to preserve any documents.  This would constitute irreparable prejudice to Plaintiffs in the Civil Action.

29.     The United States has provided no meritorious explanation for why Plaintiffs should be forced to obtain relevant evidence only from the United States (a non-Party in their case) through a complex, prejudicial, and adversarial administrative process, rather than through ordinary civil discovery from Party Defendants, who have already seen the evidence and already have the evidence in their possession.  Defendants should simply produce this evidence to Plaintiffs when permitted to do so by the Court in the Civil Action.  In the meantime, this evidence should be preserved by those Defendants.

30.     For example, in *State of Conn. v. General Motors Corp.*, 1974 WL 895 (N.D. Ill. 1974), a civil antitrust matter, the Court addressed a motion to compel production of grand jury transcripts that had been acquired by the Defendants "during the course of the criminal litigation," which had recently concluded with a jury acquittal.  *Id.* at *1.  The Court held that since the grand jury testimony had been disclosed to the Defendants, there was no longer any secrecy interest: "the force of the historic concept of Grand Jury secrecy [is not] persuasive here, since the transcripts in question are already out of the custody of the United States and in the hands of the defendants.  Whatever secrecy would normally attach to them has in effect already been abrogated." *Id.*

31.     Moreover, allowing Defendants access to the relevant materials but precluding Plaintiffs from the same materials maintains an inequitable information asymmetry that has been criticized by other courts.  *See United States Indus., Inc. v. United States Dist. Ct. for S. Dist. of Cal., Cent. Div.*, 345 F.2d 18, 23 (9th Cir. 1965) ("It therefore seems highly inequitable and averse to the principles of federal discovery to allow one party access to a government document and not the other."); *In re Cement-Concrete Block, Chicago Area*, 381 F. Supp. 1108, 1111 (N.D. Ill. 1974) ("It seems to the court highly inequitable and adverse to the principles of federal discovery to allow the defendants in a civil suit access to grand jury transcripts but not the plaintiffs.").  For now, at the very least, these materials should not be destroyed.

32.     The Protective Order itself provides a mechanism to resolve this situation.  It allows Defendants to preserve the evidence, if Defendants are compelled to do so by Court order.  Colorado Action, ECF No. 43 at 5.  Plaintiffs are cognizant of this Court's admonition that it "is not addressing any discovery issues or orders in the civil case."  Colorado Action, ECF No. 275.  Thus, Plaintiffs are addressing this discovery issue with the Court in the Civil Case.  By this

motion, Plaintiffs are only requesting that Defendants not be required to destroy the relevant evidence at issue, unless their motion for protective order in the Civil Action is granted.  In the meantime, the status quo should be maintained.

33.     In sum, there is no dispute that (1) Defendants are under conflicting obligations between the Civil Action's duty to preserve relevant material and the criminal action's protective order requiring destruction; (2) the material is relevant to the civil action; (3) Defendants and the government negotiated the Protective Order *after* Defendants' duty to preserve arose; (4) Defendants and the government did not notify Plaintiffs that they were negotiating an order that would require them to destroy material relevant to the Civil Action until May 2022; (5) the government has affirmed they are under no internal policy or regulation to preserve the material; (6) Plaintiffs' contend that Defendants' destruction of the material would constitute spoliation of evidence in the civil action; (7) destruction of the material runs the risk of irreparable harm to Plaintiffs and Defendants, since the destruction would destroy relevant and highly probative evidence and Defendants could be found in violation of the rules against spoliation; (8) the United States has not asserted any exigent interest requiring the destruction of the material immediately; (9) there is case law casting significant doubt on the legitimacy of any confidentiality interest in the material at issue since those documents have already been disclosed to the Defendants; and (10) this motion seeks merely to preserve the status quo.

**WHEREFORE**, Plaintiffs respectfully request that the Court grant Plaintiffs' motion to intervene and extend the deadline by which Defendants must destroy or return confidential information until thirty days following an order from the Court in the Civil Action permitting the destruction. In the alternative, Plaintiffs request that the Court issue an order extending the

deadline by which Defendants must destroy or return confidential information until August 20, 2022, subject to modification by agreement or further motion of the Parties and Plaintiffs.

Dated:  June 13, 2022                    Respectfully submitted,

*/s/ Anne B. Shaver*
Dean M. Harvey
Anne B. Shaver
Lin Y. Chan
Michelle A. Lamy
Sarah Zandi
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
dharvey@lchb.com
ashaver@lchb.com
lchan@lchb.com
mlamy@lchb.com
szandi@lchb.com

Jessica A. Moldovan
LIEFF CABRASER HEIMANN &BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
jmoldovan@lchb.com

Linda P. Nussbaum
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
(917) 438-9102
lnussbaum@nussbaumpc.com

2426466.5

Michael L. Roberts
Kelly Rinehart
Karen Halbert
ROBERTS LAW FIRM US, PC
1920 McKinney Ave., Suite 700
Dallas, TX 75204
(501) 821-5575
mikeroberts@robertslawfirm.us
kellyrinehart@robertslawfirm.us
karenhalbert@robertslawfirm.us

Joseph R. Saveri
Steven N. Williams
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Tel: (415) 500-6800
Fax: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com

*Interim Co-Lead Class Counsel for Plaintiffs in the Civil Action*

## **CERTIFICATE OF CONFERENCE**

In compliance with Local Rule 7.1(a), Plaintiffs conferred with Counsel for Defendants DaVita and Thiry, and with the United States, regarding this Motion, on June 13, 2022.  DaVita and Thiry take no position on this motion.  The United States opposes this motion.

## **CERTIFICATE OF SERVICE**

I certify that on June 13, 2022, I filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification thereof to all registered counsel.

Dated:  June 13, 2022                              */s/  Anne B. Shaver*
                                                   Anne B. Shaver

2426466.5